**UNITED STATES of America**

v.

**Omar Ricardo RILEY,**
**a/k/a Omar Barns**

**Omar Ricardo Riley, Appellant.**

No. 08–3705.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) July 9, 2009.

Filed: Sept. 22, 2009.

Jennifer A. Williams, Esq., Robert A. Zauzmer, Esq., Office of United States Attorney, Philadelphia, PA, for Appellee.

David L. Mccolgin, Esq., Defender Association of Philadelphia, Philadelphia, PA, for Appellant.

Before: SLOVITER, AMBRO and JORDAN, Circuit Judges.

## OPINION OF THE COURT

JORDAN, Circuit Judge.

Omar Ricardo Riley appeals the Judgment of Conviction and Sentence entered against him by the United States District Court for the Eastern District of Pennsylvania. Riley contends that the District Court erred by concluding that it did not have discretion to consider any fast-track disparity[1] in determining his sentence.

---

1. "Fast-track" programs originated in the Southern District of California in response to an overwhelming number of illegal reentry cases. *United States v. Vargas,* 477 F.3d 94, 98 n. 8 (3d Cir.2007) (citation omitted). These programs allow defendants who violate

Because it is unclear whether the District Court recognized that it had discretion to consider a fast-track disparity, we will vacate and remand.

## I.  Background

In December 2006, Riley was arrested in Easton, Pennsylvania for possession of cocaine.  After his arrest, authorities determined that Riley, a citizen of Jamaica, had been deported from the United States in 2004 following a conviction and three-year prison term for aggravated assault.

Riley was charged with, and pled guilty to, illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2).  At sentencing, Riley argued that he could have faced a significantly lower Guidelines range had he been prosecuted in a district with a fast-track program, and he requested that the Court grant him a downward variance on that basis.  In response to Riley's argument, the Court stated that "the lack of a fast track program here is not an appropriate factor to consider in sentencing him...." (App.12.)  Moments later, however, the Court stated that it had considered and rejected Riley's argument: "And so, did I consider his argument?  Yes, I did.  Did I reject his argument?  Yes, I did." (App.13.)

The District Court ultimately sentenced Riley to 57 months in prison, a sentence at the bottom of the Guidelines range.  Riley filed a timely appeal and contends that the District Court erred by concluding that it

did not have discretion to consider the fast-track disparity.

## II.  Discussion

In *United States v. Arrelucea–Zamudio,* 581 F.3d 142 (3d Cir.2009), we held that district courts may consider a fast-track disparity when deciding on a sentence, but that they are not required to do so.  We also clarified that a district court's decision not to consider a fast-track disparity does not, in itself, render the court's sentence substantively or procedurally unreasonable.

Because it is unclear whether the District Court here considered and rejected Riley's fast-track argument or whether, instead, it concluded that it did not have discretion to consider his argument, we will vacate and remand for clarification. In the event that it did not consider the fast-track argument because it believed it could not do so, the District Court should conduct a resentencing for Riley consistent with our opinion in *Arrelucea–Zamudio.* We neither express nor imply any view on what the outcome of any such resentencing should be.

## III.  Conclusion

For the foregoing reasons, we will vacate and remand.

§ 1326 to receive lower sentences in exchange for waiving certain rights, including indictment by grand jury. *Id.*  The disparity

referred to here is the difference between sentences for § 1326 violations in fast-track and non-fast-track districts. *Id.* at 98.